### ROY CAMPBELL v. THE STATE.

No. 2612.   Decided June 25, 1913.

**Recorder's Court—Appeal—Jurisdiction.**

Where appellant was convicted in a Recorder's Court for a violation of an ordinance, appealed to the County Court and was again convicted, and a penalty of $5 assessed against him, this court has no jurisdiction of an appeal from such judgment. Following Ex parte Call, 2 Texas Crim. App., 497, and other cases.

Appeal from the County Court of Nolan. Tried below before the Hon. Jno. H. Cochran, Jr.

Appeal from a conviction of a violation of a city ordinance; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State, and *A. W. Christian,* for respondent.

HARPER, JUDGE.—Appellant was prosecuted in the Recorder's Court of the City of Sweetwater for violating an ordinance of that city. Upon conviction, he appealed to the County Court of Nolan County, and when tried he was again convicted and his punishment assessed at a fine in the sum of $5, and he attempts to perfect an appeal to this court.

In the case of Richardson v. State, 3 Texas Crim. App., 69, it was held that this court had no jurisdiction of an appeal in that character of case, the court saying:

"The judgment of the County Court was a finality, and no appeal could be taken to this court from it. The law is: 'In all appeals from justices', mayors', or recorders' courts there shall be a trial de novo in the County Court, and, when the judgment rendered, or fine imposed, or the amount in controversy shall not exceed $100, exclusive of interest and costs, the judgment shall be final.' Gen. Laws 15th Leg., p. 18, sec. 3, and p. 172, section 3; Const., art. 5, sec. 16; Ex parte Call, 2 Texas Crim. App., 497."

In section 1228 of White's Ann. C. C. P., will be found a long list of authorities so holding, and this is not only the unvarying rule since these decisions of this court, but the statutes so provide.

Appeal dismissed.

*Dismissed.*